Motion to quash an attachment which was issued at the instance of the United States against the goods, chattels, and credits of the defendant Ottman, which should be found in the District of Columbia, to the value of $47,097.55, and, in addition thereto, the further sum of $1,000 for costs and charges. On the 10th August, 1875, the marshal made return that he had attached the property described in the schedule annexed to the writ. The defendant, on the day *74 following, moved to quash the attachment, and assigned as reasons therefor that the action was founded on a tort alleged to have been committed by Ottman, and for which he had been indicted in this court, and also for the reason that the United States cannot maintain an attachment, for it has not given and cannot give the bond required by the statute in such eases.
On July 12,1876, the special term quashed the said writ of attachment, and the United States took an appeal to the general term. On the argument here it was contended that the decision of the court below quashing the attachment was not an appealable order. The statute upon which this question depends, provides that any party aggrieved by any order, judgment, or decree made or pronounced at any special term, may, if the same involves the merits of the action or proceeding, appeal therefrom, &c. (Sec. 772 Revised Statutes of District, p. 92.) Section 782 of the same statutes authorizes writs of attachment and garnishment, but requires the plaintiff therein to file his undertaking, with sufficient surety, to be approved by the clerk, to make good all costs and charges which the defendant may sustain by reason of the wrongful suing out of the attachment.
As to the objection that the United States did not and could not give the undertaking required upon the issuing of this writ, section 1001 of the Revised Statues provides that whenever a writ of error, appeal, or -other process in law, admiralty, or equity, issues from or is brought up to the Supreme Court, or a Circuit Court, either by the United States or by direction of any department of the government, no bond, obligation, or security shall be required from the United States, or any party acting under the direction aforesaid, either to prosecute said suit, or to answer in damages or costs.
At the close of the argument, the court in general term expressed its opinion to be that the United States was entitled to the process of attachment, that the order appealed from went to the merits of the “proceeding,” and that the United States was relieved from giving the usual undertaking in such *75 case by the express language of the Revised Statutes last referred to. The order quashing the attachment was therefore reversed, and the case remanded to the special term for further proceedings.
H. H. Wells, District Attorney, for the United States.
Matt H. Carpenter, R. T. Merrick, and R. K. Elliot, for defendant.